# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**GARY LEON WEBSTER**  
ADC #114018                                                              **PLAINTIFF**

v.                          NO: 2:19-CV-00151-LPR

**CITY OF WEST MEMPHIS**                                                 **DEFENDANT**

## ORDER

Plaintiff Gary Leon Webster, incarcerated at the Tucker Unit of the Arkansas Department of Correction, filed a *pro se* complaint on November 29, 2019. (Dkt. No. 1). Mr. Webster did not pay the $400 filing fee[1] or file an application to proceed *in forma pauperis* at the time he filed his complaint.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on November 29, 2019, Mr. Webster filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Webster v. Does,* 3:19-CV-59-DPM (E.D. Ark.); *Webster v. Pigg*, 3:19-CV-60-DPM (E.D. Ark.); *Webster v. Day Inn Motels, Inc., et al.,* 3:19-CV-78-DPM (E.D. Ark.). Nevertheless, Mr. Webster may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes

---

[1] Effective May 1, 2013, the cost for filing a new civil case is $400 which includes a $50 administrative fee that does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mr. Webster sued the City of West Memphis. (Dkt. No. 1). He alleged that a West Memphis Police Officer stopped him and gave him the choice of going to jail or to a hospital. (*Id.* at 4). Mr. Webster explained he chose to go to the hospital. (*Id.*). He was then driven to a hospital in Tennessee and entered "into a psychiatric ward where [he] was held for over 30 days." (*Id.*) He seeks damages for the alleged violation of his rights. (*Id.* at 5).

Based on the allegations in Mr. Webster's complaint, he was not in imminent danger at the time he filed his complaint. Accordingly, the imminent danger exception does not apply. *Dilworth,* 147 F.3d at 717. This case will be dismissed due to Mr. Webster's failure to pay the filing fee. Mr. Webster will have thirty (30) days to reopen this case by paying the $400 filing fee in full.

It is therefore ordered that:

1. Mr. Webster's complaint is dismissed without prejudice.

2. Mr. Webster has thirty (30) days from the date of this order in which to reopen this case by paying the $400 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 4th day of December, 2019.

                                        <u>Lee P. Rudofsky</u>
                                        UNITED STATES DISTRICT JUDGE